1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHALLA ALFARO BRITTANY,                  No.  2:16-cv-01468 TLN GGH (PS)

12                  Plaintiff,

13          v.                                   ORDER

14   ARCHULETA FAMILY REUNION,

15                  Defendant.

16

17          Plaintiff is proceeding in this action in *pro se*.  This matter was accordingly referred to the

18   undersigned by Eastern District of California Local Rule ("Local Rule") 302(c)(21).  Plaintiff has

19   requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.  The

20   request will be denied because (1) the affidavit fails to provide the required information, and (2)

21   the complaint, in its current form, is frivolous.

22                       DEFICIENCY IN THE IFP APPLICATION

23          Plaintiff's Application indicates that she has received money from rent payments, interest

24   or dividends, pensions, annuities or life insurance payments, disability or workers compensation

25   payments, and gifts or inheritances, ECF 2 at 1, but does not set for the amounts.  In addition, she

26   answer "Yes" to the question whether she owns any real estate, stocks, bonds, securities, other

27   financial instruments, automobiles or any other thing of value, but neither described the property

28   ////

                                            1

1    nor stated its value.  ECF 2 at 2.  Without the requested income information, the court cannot

2    determine if plaintiff meets the requirements for filing IFP.[1]

3                                                    SCREENING

4            Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district

5    court may "deny[] plaintiff leave to file in forma pauperis."  O'Loughlin v. Doe, 920 F.2d 614,

6    617 (9th Cir. 1990).  Plaintiffs must assist the court in making this determination by drafting their

7    complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The

8    Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

9    policies/currentrules-practice-procedure/federal-rules-civil-procedure.

10           Under the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), the complaint must contain

11   (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is

12   filed in this court, rather than in a state court), (2) a short and plain statement showing that

13   plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand

14   for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely

15   and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their

16   complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor

17   (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

18           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19   Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

20   court will (1) accept as true all of the factual allegations contained in the complaint, unless they

21   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

22   plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, *supra*, 490 U.S. at 327;

23   Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at

24   Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

25   However, the court need not accept as true, legal conclusions cast in the form of factual

26

27   _____
     [1]  The court notes that plaintiff has been notified of the same deficiency in an earlier filed
28   Application.  See Michalla Alfaro Brittany v. Wells Fargo Bank NA, 2:16-cv-1351 TLN CKD PS
     at ECF No. 4 (Order).

                                                          2

1    allegations, or allegations that contradict matters properly subject to judicial notice.  See Western

2    Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors,

3    266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

4            *Pro se* pleadings are held to a less stringent standard than those drafted by lawyers.

5    Haines v. Kerner, 404 U.S. 519, 520 (1972).  *Pro se* complaints are construed liberally and may

6    only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

7    of her claim which would entitle her to relief.  A *pro se* litigant is entitled to notice of the

8    deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies

9    could not be cured by amendment.  See Noll v. Carson, 808 F.2d 1446, 1448 (9th Cir. 1987).

10   A.      The Complaint

11           The complaint alleges that someone other than the defendant is using her personal car club

12   identification and she doesn't want anyone to use her name or her car club identification.

13   Without any information about how the named defendant has any relation to the apparent injury

14   plaintiff claims she has not stated a claim against it.  Further, these two cryptic allegations do not

15   state any basis for the plaintiff to bring this matter to a federal court of limited jurisdiction.  In

16   order to proceed in this court the plaintiff must explicitly state the basis for jurisdiction.  See 28

17   U.S.C. § 1330.  Plaintiff did not do so and what is before the court at this point demonstrates that

18   she is unlikely to be able to do so if given leave to amend the Complaint.

19           In sum, the Complaint does not contain a short and plain statement of plaintiff's "claims,"

20   or any "claim" at all, that show she is entitled to relief.  Although the Federal Rules of Civil

21   Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the

22   plaintiffs' claims and must allege facts that state the elements of each claim plainly and

23   succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

24   Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

25   elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked

26   assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009)

27   (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).  Nonetheless, although

28

1    based on the present allegations, the undersigned does not believe plaintiff will ever state a valid

2    claim, in an abundance of caution, the court will permit the plaintiff to amend her complaint.

3                              AMENDING THE COMPLAINT

4         Since plaintiff is being given the opportunity to amend her complaint the court will

5    provide guidance for that amendment.

6         An amended complaint must contain a short and plain statement of the basis for federal

7    jurisdiction.  If plaintiffs claim "diversity" jurisdiction based upon their Oregon citizenship, they

8    must allege their Oregon address, or if none, they must allege their basis for asserting Oregon

9    citizenship.  The state citizenship of the defendant(s) must be alleged. If plaintiff claims "federal

10   question" jurisdiction, she must allege what federal constitutional provisions or federal statutes

11   she bases her claims upon.

12        An amended complaint must contain a short and plain statement of plaintiffs' claims.  The

13   allegations of the complaint must be set forth in sequentially numbered paragraphs, with each

14   paragraph number being one greater than the one before, each paragraph having its own number,

15   and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be

16   limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b).  Forms are

17   available to help plaintiffs organize their complaint in the proper way.  They are available at the

18   Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at

19   www.uscourts.gov/forms/pro-se-forms.

20        Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid

21   narrative and storytelling.  That is, the complaint should not include every detail of what

22   happened, nor recount the details of conversations (unless necessary to establish the claim), nor

23   give a running account of plaintiffs' hopes and thoughts.  Rather, the amended complaint should

24   contain only those facts needed to show how the defendant legally wronged the plaintiff.

25        The amended complaint must not force the court and the defendants to guess at what is

26   being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

27   (affirming dismissal of a complaint where the district court was "literally guessing as to what

28   facts support the legal claims being asserted against certain defendants").  The amended

                                        4

complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that

1.       Plaintiff's request to proceed *in forma pauperis*, ECF No. 2, is DENIED without prejudice to its renewal with all entries on the application form completed.

2.       If plaintiff files a proper IFP application, she must also file an amended complaint.

3.       Plaintiff must file her complete IFP application and amended complaint within 30 days of the date of this Order.  Failure to file the complete IFP application will result in a recommendation that this action be dismissed.  If plaintiff does file an amended complaint she must do her best to follow the guidance provided in this Order.  If no amended complaint is filed, the undersigned will recommend that the action be dismissed.

Dated: August 15, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE